## 20103. TRITT v. STRAHLEY et al.

*W. A. Ingram, W. T. Townsend,* for plaintiff.
*Whitaker & Whitaker, Neel & Neel,* for defendants.

STEPHENS, J. The allegations in the petition, as finally amended, charged the defendants, G. F. Strahley, Mrs. G. F. Strahley, George Roper, and J. W. Jones, with a trespass upon the premises of the plaintiff A. A. Tritt, to the plaintiff's damage. The petition, stripped of irrelevant matters, alleges that the plaintiff authorized the defendants to go to the plaintiff's home and there take away a dead body which the plaintiff had caused to be prepared for burial and which was at the plaintiff's home in a casket which the plaintiff had procured, that the plaintiff gave permission to the defendants to enter his home, provided the body was taken "as plaintiff then had it at his home, that is to say, provided the body, as it was prepared for burial and the casket in which it had been placed, were taken." The petition alleges also "that plaintiff did not authorize said Mrs. Strahley, or any one else, to go upon his premises and get the body, unless it was taken therefrom just as plaintiff had caused the same to be prepared for burial, that is to say, with a suitable burial suit on the body and with the body placed in said casket." The petition alleges also that permission to remove the body was granted "upon the express condition and understanding that the body would be taken charge of by her [Mrs. Strahley] just as plaintiff had prepared the same and with the understanding and condition, and so expressed at the time by plaintiff, . . that all obligations incurred in connection with the preparation of the body for burial would be assumed by said Mrs. Strahley." The petition further alleges that the defendants, pursuant to this permission, but with no intention of removing the casket, entered the plaintiff's home and removed only the dead body, leaving the empty casket in the plaintiff's home, that this act of the defendants in not removing the casket was a violation of the condition upon which they had been granted permission to enter the plaintiff's home and constituted a trespass for which the defendants

were liable in damages to the plaintiff. The petition was dismissed on demurrer, and the plaintiff excepted.

If the plaintiff had given permission to the defendants to enter his home for the purpose of removing the dead body therefrom only upon the condition that the casket also should be removed, the acts of the defendants in entering the plaintiff's home without any intention to comply with this condition, and in afterwards removing the body without removing the casket, might have constituted a trespass upon the plaintiff's property. The petition, however, does not allege that any such condition inhered in the permission which the plaintiff had given the defendants to enter his home. The only condition attached to this permission, as alleged in the petition, is that the defendants were to take the body "as plaintiff then had it at his home," or "just as plaintiff had caused the same to be prepared for burial." There is no allegation that the defendants knew that the body was in a casket at the plaintiff's home. Since, for the purpose of a demurrer, pleadings must be construed most strongly against the pleader, these allegations must be construed as having reference only to the removal of the body and not to the removal of the casket also, and not to the body's condition as being in the casket. While it is true these allegations are followed by language in the petition reading as follows: "that is to say, provided the body as it was prepared for burial and the casket in which it had been placed were taken," and "that is to say, with a suitable burial suit on the body and with the body placed in said casket," these allegations do not unequivocally state that the removal of the casket was a condition to the permission which was given the defendants to enter the plaintiff's home. Construing them most strongly against the pleader, they are not allegations of fact, but are mere conclusions of the pleader which are not justified from the allegations of fact in the petition. The petition, therefore, must be construed as alleging that the plaintiff gave the defendants permission to enter his home and remove only the dead body therefrom in the condition in which the body itself appeared, without reference to its being in the casket as one of the conditions of the body. The defendants in removing the body without removing the casket violated no condition of the permission given them, as alleged in the petition, and their acts in entering the premises without the intention of removing the casket and without

removing the casket afterwards, constituted no trespass against the plaintiff. The petition set out no cause of action, and was properly dismissed on demurrer.

*Judgment affirmed. Jenkins, P. J., and Bell, J., concur.*